# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

CHRISTOPHER FRANCO,
    *Plaintiff*,

v.

CRAIGH MCDONALD,
    *Defendant*.

No. 3:18-cv-1480 (VAB)

## INITIAL REVIEW ORDER

On August 31, 2018, Christopher Franco ("Plaintiff") sued Dr. Craigh McDonald ("Defendant") under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, alleging violations of his civil rights.[1]

Mr. Franco, who is currently incarcerated at Garner Correctional Institution in Newtown, Connecticut, generally alleges that Dr. McDonald, a dentist employed by the State of Connecticut Correctional Managed Health Care, extracted two of his teeth in a medically unsound manner, leaving behind a broken piece of tooth and an open wound that caused him severe pain and ultimately resulted in Mr. Franco being rushed to the emergency room.

Mr. Franco has sued Dr. McDonald in his individual and official capacity for damages and injunctive relief, respectively, arguing that Dr. McDonald violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution as well as several state laws.

For the following reasons, the Complaint is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915A.

---

[1] Mr. Franco is proceeding *pro se*. Magistrate Judge William I. Garfinkel granted Mr. Franco's motion to proceed *in forma pauperis* on September 10, 2018.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

### A. Factual Allegations

Confined at the MacDougall-Walker Correctional Institution ("MacDougall-Walker") in Suffield, Connecticut, Mr. Franco allegedly complained to medical staff of severe pain in his jaw and teeth and requested an evaluation by a dentist. Compl. ¶ 9, ECF No. 1 (Aug. 31, 2018). Fifty-three days later, Dr. McDonald allegedly evaluated Mr. Franco at MacDougall-Walker. *Id.*

After evaluation, Dr. McDonald allegedly extracted one tooth from Mr. Franco's mouth. *Id.*¶ 10. On September 7, 2017, he allegedly extracted two more teeth, and on March 15, 2018, he allegedly extracted two additional teeth. *Id.* The extraction of the fourth and fifth teeth on March 15, 2018 allegedly left Mr. Franco with severe pain and an open wound in his mouth which continued to bleed. *Id.* Dr. McDonald also allegedly left "a piece of [a] broken tooth" embedded in Mr. Franco's mouth which caused him more pain. *Id.*

The next day, on March 16, 2018, at approximately 2:30 a.m., Mr. Franco allegedly showed Correction Officer Solvia a plastic bag filled with blood clots and excess blood. *Id.* ¶ 12. Mr. Solvia allegedly immediately notified the medical unit and escorted Mr. Franco to the emergency ward at MacDougall-Walker. *Id.* There, medical staff allegedly evaluated Mr. Franco and rushed him to the UConn Health Center for treatment. *Id.* While at the UConn Health Center, doctors allegedly removed the broken tooth from Mr. Franco's mouth and then closed his wound with ten stitches. *Id.* at ¶ 13.

### B. Procedural History

On August 31, 2018, Mr. Franco filed a Complaint against Dr. McDonald. Compl.. The same day, Mr. Franco moved to proceed *in forma pauperis*. Mot., ECF No. 2 (Aug. 31, 2018).

On September 10, 2018, the Honorable William I. Garfinkel granted Mr. Franco's motion to proceed *in forma pauperis.* Order, ECF No. 6 (Sept. 10, 2018).

On May 10, 2019, Mr. Franco moved for an initial review order. Mot., ECF No. 8 (May 10, 2019).

On October 21, 2019, Mr. Franco moved for a default entry. Mot., ECF No. 9 (Oct. 21, 2019).

## II. STANDARD OF REVIEW

### A. Initial Review Order

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

The Federal Rules of Civil Procedure require that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

### B. Section 1983

"Section 1983 permits an individual deprived of a federal right by a person acting under color of state law to seek compensation in federal court." *Wimmer v. Suffolk Cty. Police Dep't*, 176 F. 3d 125, 136 (2d Cir. 1999); *see also Richardson v. McKnight*, 521 U.S. 399, 403 (1997).

To prevail in a Section 1983 claim, a plaintiff "must prove that the challenged conduct was attributable at least in part to a person acting under color of state law" and "that the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States." *Wimmer*, 176 F.3d at 136.

As a threshold inquiry for Section 1983 claims, a court should precisely identify the constitutional violation alleged. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979) ("[B]efore the relationship between the defendant's state of mind and his liability under [Section] 1983 can be meaningfully explored, it is necessary to isolate the precise constitutional violation with which he is charged.").

### C. Section 1985

Section 1985(3) provides an action for damages caused by "two or more persons" who conspire to deprive someone of equal protection of the laws, so long as one person takes an act in furtherance of the object of the conspiracy. 42 U.S.C. § 1985(3). To allege a Section 1985(3) claim, a plaintiff must plead "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the law, or of equal privileges and immunities under the law; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right of privilege of a citizen of the United States." *Rini v. Zwirn*, 886 F. Supp. 270, 290 (E.D.N.Y. 1995) (citing *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)).

### D. Section 1986

42 U.S.C. § 1986 provides that "every person" with the knowledge of the "wrongs conspired to be done" and "having power to prevent or aid in preventing the commission of"

5

wrongs proscribed by § 1985 and neglects or refuses to do so, "shall be liable to the party injured . . . for all damages caused by such wrongful act . . ." Section 1986 provides no substantive rights. Relief under § 1986 flows from a viable claim under § 1985. *Brown v. City of Oneonta, New York*, 221 F.3d 229, 341 (2d Cir. 2001) (affirming dismissal of plaintiff's § 1986 claim because such a claim "must be predicated on a valid § 1985 claim"); *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F. 3d 1085, 1088 (2d Cir. 1993) (citation omitted) ("A valid [Section] 1986 claim must be predicated upon a valid [Section] 1985 claim.").

### E. Section 1988

Section 1988 allows the Court, "in its discretion, [to] allow the prevailing party . . . a reasonable attorney's fee as part of the costs" of bringing a lawsuit under Section 1985 and 1986. 42 U.S.C. § 1988(b); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (noting that Congress enacted § 1988 in response to the "American Rule" under which each party in a lawsuit ordinarily shall bear its own fees). An award under § 1988 requires success on the merits. *See Fox v. Vice*, 563 U.S. 826, 833 (2011) ("When a plaintiff succeeds in remedying a civil rights violation, we have stated, he serves as a private attorney general, vindicating a policy that Congress considered of the highest priority." (internal quotation marks omitted) (quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1986) (*per curiam*))); *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) ("[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in brining suit." (internal quotation marks omitted) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

6

**III. DISCUSSION**

Mr. Franco alleges that by extracting five teeth from his mouth from April 7, 2017 to March 15, 2018 and leaving a piece of a broken tooth in his mouth on March 15, 2018, Dr. McDonald acted with deliberate indifference to his serious medical needs, in violation of his Eighth Amendment protection against cruel and unusual punishment, and deprived him of due process, in violation of the Fourteenth Amendment. *See* Compl. ¶¶ 14, 17, 23. Mr. Franco also raises state law claims of assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and common law negligence. *See id.* at ¶¶ 17, 20, 24. Mr. Franco, however, has failed to support any of these claims with sufficient facts.

**A.     Claims Under §§ 1985, 1986, and 1988**

Mr. Franco alleges violations under 42 U.S.C. §§ 1985, 1986, and 1988. These claims cannot proceed.

Section 1985 prohibits conspiracies. *Harnage v. Dzurenda*, No. 3:14-CV-885 (SRU), 2014 WL 3360342, *2 (D. Conn. July 9, 2014). To maintain a Section 1985 action, "a plaintiff 'must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2013) (quoting *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000)). Subsection (1) of Section 1985 prohibits conspiracies to prevent federal officials from performing their duties. *Harnage*, 2014 WL 3360342, at *2. Subsection (2) of this statute prohibits conspiracies intended to deter witnesses from participating in state or federal judicial proceedings. *Id.* Finally, subsection (3) prohibits conspiracies to deprive persons of equal protection of the laws. *Id.*

In order to state a claim under 1985(3), Mr. Franco must allege:

> (1) [Dr. McDonald] w[as] part of a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of the equal protection of the laws; (3) an overt act taken in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of a right or privilege. Importantly, [Mr. Franco] must show that the conspiracy was motivated by a racial or otherwise class-based invidious discriminatory animus.

*Id*.

Under Section 1986,

> [e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured. . .

42 U.S.C. § 1986. "Section 1986 provides no substantive rights; it provides a remedy for the violation of section 1985. . . Thus, a prerequisite for an actionable claim under section 1986, is a viable claim under section 1985." *Harnage*, 2014 WL 3360342, at *2.

Section 1988 does not create a cause of action; rather it "authoriz[es] the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation . . ." *Oquendo v. Dep't of Correction*, No. 3:16-CV-1709 (MPS), 2018 WL 1069577, *5 (D. Conn. Feb. 27, 2018) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)); *see also Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019) ("42 U.S.C. § 1988 . . . authorized district courts to award the prevailing party in civil rights actions 'a reasonable attorney's fee.'").

Here, the only conceivable § 1985 claim Mr. Franco could allege is under subsection (3), but he has not alleged any facts showing that Dr. McDonald engaged in some conspiracy to deprive him of equal protection of the laws based on his race or other class-based discriminatory animus. *See Carter v. Incorporated Village of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014)

8

("Moreover, '[42 U.S.C.] §§ 1985 and 1986 require some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action[.]'" (quoting *Reynolds v. Barrett*, 685 F.3d 193, 201-02 (2d Cir. 2012)); *Sosa v. Lantz*, No. No. 3:09-CV-869 (JBA), 2010 WL 122649, *1 (D. Conn. Jan. 5, 2010) (finding no arguable basis in law for plaintiff's Section 1985 or 1986 claims without facts suggesting that defendant's actions were taken because of plaintiff's race or other unlawful discriminatory animus). Additionally, Mr. Franco only names one defendant, and cannot allege that "any such meeting of the minds occurred among any or all of the defendants." *Webb*, 340 F.3d at 111.

Without a viable § 1985 claim, Mr. Franco's § 1986 also fails.

Because he has not alleged any facts supporting a claim under section 1985, and sections 1986 and 1988 do not create causes of action, Mr. Franco's claims under these statutes will be dismissed.

### B. Eighth Amendment Deliberate Indifference to Serious Medical Needs

Under § 1983, Mr. Franco claims that Dr. McDonald acted with deliberate indifference to his serious medical needs, in violation of his Eighth Amendment protection against cruel and unusual punishment. Compl. ¶¶ 14, 17, 23.

Deliberate indifference to serious medical needs occurs when an official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Harrison v. Barkley*, 219 F.3d 132, 137-38 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). A prisoner may sue an official for acting with deliberate indifference to his serious dental needs. *Chance v. Armstrong*, 143 F.3d 698, 702-03 (2d Cir. 1998).

9

There are both objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin (Hathaway II)*, 99 F.3d 550, 554 (2d Cir. 1996) (citing *Hathaway v. Coughlin (Hathaway I)*, 37 F.3d 63, 66 (2d Cir. 1994)).

Objectively, "the alleged deprivation must be 'sufficiently serious,' in the sense that 'a condition of urgency, one that may produce death, degeneration, or extreme pain' exists." *Id*. (citing *Hathaway I*, 37 F.3d at 66).

Subjectively, "the charged official must act with a sufficiently culpable state of mind," *id*. (citing *Hathaway I*, 37 F.3d at 66), meaning that the charged official must act or fail to act while "actually aware of a substantial risk that serious inmate harm will result." *Salahuddin v. Goord*, 467 F.3d 263, 289 (2d Cir. 2006).

"Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Snipes v. Detella*, 95 F.3d 586, 590-91 (7th Cir. 1996)). Deliberate indifference to a serious medical need becomes an Eighth Amendment violation when an official both knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *See Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

In this case, Mr. Franco alleges that Dr. McDonald violated his Eighth Amendment protection by extracting five of his teeth from April 2017 to March 2018 and leaving a piece of a broken tooth in his mouth, all of which caused him pain and excessive bleeding. The Court concludes that Mr. Franco has plausibly alleged a sufficiently serious dental condition to satisfy

10

the objective component of the Eighth Amendment standard. *See Smith v. Carpenter*, 316 F.3d 178, 187 (2d Cir. 2003) ("[A] serious medical need exists where the failure to treat a prisoner's condition could result in further significant injury or unnecessary and wanton infliction of pain.") (citing *Harrison*, 219 F.3d at 132) (internal quotation marks omitted)).

There are insufficient facts alleged, however, that demonstrate Dr. McDonald acted with a sufficiently culpable state of mind. The Court cannot infer from the allegations in the Complaint whether Dr. McDonald extracted the five teeth in order to prevent further pain or illness or whether he knew that he was subjecting Mr. Franco to a substantial risk of serious harm. Similarly, there are no facts showing that Dr. McDonald knew about the broken tooth and that it would likely cause substantial harm or whether it was the result of negligence on his part, which is insufficient to state an Eighth Amendment claim. *See Salahuddin*, 467 F.3d at 280 (parenthetical?).

Without any facts showing that Dr. McDonald was actually aware of a substantial risk that Mr. Franco would suffer serious harm as a result of his conduct, the Court cannot permit the Eighth Amendment claim to proceed at this time.

### C. Fourteenth Amendment Due Process

The Eighth Amendment protects against cruel and unusual punishment, which includes deliberate indifference to a prisoner's medical needs. *See Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) ("Under the Eighth Amendment, States must not deprive prisoners of their 'basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety." (quoting *Helling v. McKinney*, 509 U.S. 25,32(1993)). "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government

behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham*, 490 U.S. at 395); *see also Medeiros v. O'Connell*, 150 F.3d 164, 169 (2d Cir. 1998) (same).

To the extent that Mr. Franco asserts a due process claim under the Fourteenth Amendment, the claim therefore will be dismissed. *See* 28 U.S.C. § 1915A.

Because there are no other facts to support a claim under the Fourteenth Amendment, all claims brought under the Fourteenth Amendment will be dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### D. State Law Claims

In addition to constitutional claims, Mr. Franco has raised five state law claims: assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. *See* Compl. ¶¶ 17, 20, 24.

This Court may exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a). Under federal law, district courts may decline to exercise supplemental jurisdiction if, as is the case here, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

At this stage, for the reasons already discussed, Mr. Franco has not stated a plausible claim under the United States Constitution. This Court therefore will not exercise supplemental jurisdiction over any of his state law claims.

Even if he had stated a plausible federal claim, Mr. Franco has not alleged facts showing that Dr. McDonald intended to cause him harm, an imminent apprehension of harm, or emotional distress, which are essential elements for assault, battery, and intentional infliction of emotional distress. *See Germano v. Dzurenda*, No. 3:09-CV-1316 (SRU), 2011 WL 1214435, *22 (D. Conn. Mar. 28, 2011) (defining civil assault as "the intentional causing of imminent apprehension of harmful or offensive contact with another" and battery as "intending to cause harmful or offensive contact with the person of the other or a third person . . ."); *Miner v. Town of Cheshire*, 126 F. Supp.2d 184, 194 (D. Conn. 2000) (plaintiff must allege facts showing that actor intended to inflict emotional distress or that he knew that emotional distress was likely result of his conduct). Moreover, Mr. Franco may not assert a state law negligence claim against a state official in federal court because "state employees may not be held personally liable for their negligent actions performed within the scope of their employment." *Miller v. Egan*, 265 Conn. 301, 319 (2003) (citing Conn. Gen. Stat. § 4-165); *see also Hamilton v. Lajoie*, 660 F. Supp. 2d 261, 266 (D. Conn. 2009) (if defendant correction officers "acted negligently . . . § 4-165(a) bars recovery").

Mr. Franco's state law claims therefore cannot proceed at this time.

**IV.  CONCLUSION**

**ORDER**

The Complaint is **DISMISSED without prejudice** for failure to state a plausible claim under 28 U.S.C. § 1915A. If Mr. Franco believes he can allege additional facts showing that Dr. McDonald acted with deliberate indifference to his serious medical needs under the Eighth Amendment, he may file an amended complaint by **February 21, 2020**.

The amended complaint must contain specific factual allegations showing that Dr. McDonald was aware that the extraction of the five teeth and the presence of the broken tooth created a substantial risk of serious harm. If Mr. Franco can allege facts showing that Dr. McDonald acted with intent to cause harm, an imminent apprehension of harm, or emotional distress, he may reassert his state law claims for assault, battery, and intentional infliction of emotional distress. The Fourteenth Amendment and negligence claims are **DISMISSED with prejudice** and may not be reasserted in the amended complaint. **Failure to file an amended complaint by February 21, 2020, in compliance with these instructions will result in the dismissal of the entire action with prejudice.**

For the foregoing reasons, Plaintiff's §§ 1985, 1986, and 1988 claims are **DISMISSED.**

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of January, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE
United States District Judge